NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

STRYKER TRAUMA S.A., :
a Swiss corporation, and :
HOWMEDICA OSTEONICS CORP. :
a New Jersey corporation, :
                                :
      Plaintiffs, :
                                :
v. : Civil Action No.: 01-cv-3879 (JLL)
                                :
SYNTHES (USA), :
a Pennsylvania partnership, :
                                : **ORDER**
      Defendant. :

---

**LINARES**, **District Judge**.

This matter comes before the Court by way of motions in limine filed both by Plaintiffs Stryker Trauma S.A. and Howmedica Osteonics Corp. (collectively, "Plaintiffs") and Defendant Synthes (USA) ("Defendant"), and the Court having heard argument on September 12, 2006, and for the reasons set forth on the record,

**IT IS** this 13th day of September, 2006,

**ORDERED** that Plaintiffs' motion for a separate and subsequent bench trial on inequitable conduct [# 115] is GRANTED for the reasons set forth on the record; and it is further

**ORDERED** that Plaintiffs' motion for motion to exclude evidence regarding purported inequitable conduct based upon activities subsequent to issuance of the '954 patent-in-suit [# 116] is DENIED WITHOUT PREJUDICE to be reasserted during the separate trial on

1

inequitable conduct, if any; and it is further

**ORDERED** that Plaintiffs' motion to exclude evidence of decisions of foreign tribunals on counterpart patents [Docket # 117] is DENIED WITHOUT PREJUDICE to be reasserted during the separate trial on inequitable conduct, if any; and it is further

**ORDERED** that Plaintiffs' motion to preclude Defendant from offering evidence inconsistent with the Court's ruling that the Synthes Hybrid Clamp does not anticipate any claim of the '954 patent [# 118] is GRANTED for the reasons set forth on the record; and it is further

**ORDERED** that Plaintiffs' motion to preclude or limit testimony of Harry F. Manbeck on the issues of invalidity and inequitable conduct [# 119] is DENIED WITHOUT PREJUDICE for the reasons set forth on the record; and it is further

**ORDERED** that Plaintiffs' motion to preclude Defendant from offering evidence, testimony, or argument concerning prior art not discussed by Defendant's technical expert [# 120] is DENIED WITHOUT PREJUDICE to be reasserted at the time of trial, if appropriate; and it is further

**ORDERED** that Plaintiffs' motion to exclude substitute witness Dr. Schenk from testifying beyond knowledge of substituted witness Dr. Kellam [# 121] is DENIED for the reasons set forth on the record; and it is further

**ORDERED** that Plaintiffs' motion to exclude opinions from Defendant's damages expert based on excluded facts and data from Mr. Hearn [# 123], Plaintiffs' motion to exclude testimony from Defendant's expert on lost profits [#125], Plaintiffs' motion to exclude testimony from Defendant's damages expert based on nonanalogous licenses and inapplicable licensing surveys [# 127], and Defendant's motion to preclude Plaintiffs from calling Scott Stimpson, Esq.

as a witness are DENIED WITHOUT PREJUDICE to be considered by the Court at the time of the trial on damages, if appropriate; and it is further

**ORDERED** that the Court RESERVES decision on Defendant's motion to exclude purported evidence of commercial success and praise [# 139] and Defendant's motion to exclude irrelevant hearsay evidence regarding surgeon preferences [# 144] for the reasons set forth on the record; and it is further

**ORDERED** that Defendant's motion for a jury instruction regarding Plaintiffs' spoliation of evidence [# 140] is WITHDRAWN WITHOUT PREJUDICE as stated on the record; and it is further

**ORDERED** that Defendant's motion to compel Plaintiffs to adhere to a proper order of proof [# 141] is GRANTED for the reasons set forth on the record; and it is further

**ORDERED** that Defendant's motion to exclude the proposed expert testimony of Albert H. Burstein, Ph.D. [# 143] is DENIED for the reasons set forth on the record; and it is further

**ORDERED** that Defendant's motion to exclude reference to a presumption of patent validity [# 145] is DENIED and the Court will instruct the jury both as to the presumption to validity and to the clear and convincing standard; and it is further

**ORDERED** that Defendant's motion to limit or exclude the proposed expert testimony of Andrew Roland Burgess, M.D. [# 146] is DENIED WITHOUT PREJUDICE to be reasserted at the time of trial, if appropriate; and it is further

**ORDERED** that Defendant's motion to limit the testimony of Edward Lipes is GRANTED WITHOUT PREJUDICE to be reasserted prior to Plaintiffs' rebuttal, if appropriate; and it is further

**ORDERED** that the Court RESERVES decision on Plaintiffs' motion to strike the Fifth Supplemental Expert Report of Dr. Edmund Chao [# 109], Plaintiffs' request to strike the supplemental objections/responses of Defendant to interrogatory Nos. 1, 6 and 7 [# 114], Defendant's motion to exclude evidence from Plaintiffs and to have facts deemed admitted related to insertion of bars into the prior art "Synthes Hybrid Clamp" [#142], and Defendant's motion to preclude evidence from Plaintiffs regarding infringement of the "opposed surfaces" limitations of Claim 1 of the '954 Patent [# 148] for the reasons set forth on the record.

                                                             /s/ Jose L. Linares
                                                      United States District Judge

*(Any party wishing to obtain a copy of the transcript may contact Court Reporter Phyllis Lewis, C.S.R. at (732) 735-4522.)*