NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STRYKER TRAUMA S.A., a Swiss corporation, and HOWMEDICA OSTEONICS CORP. a New Jersey corporation, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No.: 01-cv-3879 (JLL) |
| SYNTHES (USA), a Pennsylvania partnership, | : : : | **MEMORANDUM & ORDER** |
| Defendant. | : : | |

**LINARES**, **District Judge**.

This matter comes before the Court on certain motions <u>in</u> <u>limine</u> filed by Defendant. The Court heard argument on September 12, 2006. For the reasons set forth in this Memorandum, Defendant's motion to exclude purported evidence of commercial success and praise is granted in part and denied in part, and Defendant's motion to exclude irrelevant hearsay evidence regarding surgeon preferences is granted in part and denied in part.

At the time of the oral argument pertaining to the motions <u>in</u> <u>limine</u>, the Court reserved decision on two of Defendant's motion relating to commercial success and praise, specifically Docket # 139 (Defendant's motion to exclude purported evidence of commercial success and praise) and Docket # 144 (Defendant's motion to exclude irrelevant hearsay evidence regarding

1

surgeon preferences).[1]

**MOTION # 139**

As to Defendant's motion to exclude purported evidence of commercial success and praise, the Court rules as follows:

The Plaintiffs are entitled to demonstrate commercial success through significant sales and that the successful product is the invention of the claimed patent. The Plaintiffs are not required to show that the success is tied to a "specific," singular novel feature. The Plaintiffs however must, during their case in chief, establish a relationship between the alleged commercial success and their patent sufficient to establish a prima facie case. If the Plaintiffs fail in this endeavor, then Defendant can make the appropriate motion at the end of the Plaintiffs' case. If the Plaintiffs' case survives said motion, then the burden will shift to the Defendant to show that the aforementioned success was due to factors other than the Plaintiffs' invention.

For the aforesaid reasons, this Court finds that to the extent Defendant seeks to exclude commercial success based on Defendant's argument that said evidence allegedly lacks an appropriately specific nexus, said motion is denied.

With respect to Defendant's motion to exclude exhibits containing alleged praise by the users of the product the Court rules as follows:

To the extent that proposed documentary exhibits contain praise of Plaintiffs' clamp from any of Defendant's employees or representatives, said documents and praise are admissible. The same ruling applies to Mr. Joseph Lanzo's praise as contained in Exhibit TX-196. However,

---

[1]The Court also reserved decision on the motions listed in Docket Entries 142, 148, 109, and 114. The Court will address these four motions under separate cover.

statements praising the product by non-employee surgeons (i.e. the laudatory statements allegedly made by surgeons during the interviews), are inadmissible hearsay being offered for the truth of the matter asserted. Plaintiffs' argument to the contrary is rejected by the Court. The fact that, as Plaintiffs argue, said statements may support inferences of nonobviousness is misplaced. The statements are still being offered for the truth of the matter asserted (i.e. that the statements said by "knowledgeable people" (the surgeons), were in fact favorable and that the praise was in fact truthful). Therefore, to the extent any exhibit contains quotations or references to said statements, those portions are inadmissible and should be redacted.

## MOTION # 144

As to motion in limine # 144, the Court rules as follows:

As to items A and B of Defendant's motion (see Defendant's brief in support of said motion), to the extent said items are covered by the Court's ruling as to motion # 139, Defendant's motion is granted as to items A and B. However, to the extent that the exhibits are Defendant's own product development team's research reports or statements made by Defendant's sales agents, such statements will be admissible consistent with the Court's ruling on motion # 139.

The rest of Defendant's motion, namely to limit the testimony of Plaintiffs' damages expert, Dr. Marion Stewart, is denied. Dr. Stewart can rely on Exhibits TX-192 and TX-193 and any other relevant evidence of the type usually relied upon by experts in the field to formulate his opinions.

## CONCLUSION

For the reasons set forth in this Memorandum,

**IT IS** this 20th day of September, 2006,

**ORDERED** that Defendant's motion [# 139] to exclude purported evidence of commercial success and praise is GRANTED IN PART and DENIED IN PART; and it is further

**ORDERED** that Defendant's motion [# 144] to exclude irrelevant hearsay evidence regarding surgeon preferences is GRANTED IN PART and DENIED IN PART.

    /s/ Jose L. Linares
United States District Judge