NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

STRYKER TRAUMA S.A.,                :
a Swiss corporation, and            :
HOWMEDICA OSTEONICS CORP. :
a New Jersey corporation,           :
                                    :
        Plaintiffs,                 :
                                    :
v.                                  :       Civil Action No.: 01-cv-3879 (JLL)
                                    :
SYNTHES (USA),                      :       **O P I N I O N**
a Pennsylvania partnership,         :
                                    :
        Defendant.                  :
_____:

**LINARES,** District Judge.

        This matter comes before the Court on the renewed motion of Defendant, Synthes (USA)

("Synthes" or "Defendant") for judgment as a matter of law on infringement of claims 1 and 2 of

the patent-in-suit, United States Patent No. 5,752,954 (the "'954 Patent"), and in the alternative,

for a new trial pursuant to Federal Rule of Civil Procedure 59(a).  No oral argument was heard.

Fed. R. Civ. P. 78.  For the reasons set forth herein, Defendant's motion is denied in its entirety.

## BACKGROUND

        Since much of the factual and procedural background of this matter has been recounted

extensively in prior Opinions, the Court will address only the relevant facts herein.  This Court

held trial on Plaintiffs' Stryker Trauma, S.A. ("Stryker") and Howmedica Osteonics Corporation

("Howmedica") (collectively "Plaintiffs") claim that Defendant allegedly infringed upon claims 1

1

and 2 of the '954 patent.  Defendant asserted an affirmative defense that the '954 patent was invalid as obvious.

Trial began on October 3, 2006 and concluded on October 25, 2006.  On October 10, 2006, Defendant moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) that Plaintiffs had failed to carry their burden as to infringement of claims 1 and 2.  (CM/ECF # 219).  The Court denied same without prejudice pending the jury verdict.  At the conclusion of trial, the jury returned a verdict in favor of Plaintiffs on the claims of infringement and the validity of the '954 patent.  The jury found that Plaintiffs had successfully carried the burden of proof as to infringement with respect to Claims 1 and 2 of the '954 patent as to certain of Defendant's products.[1]  (Jury Verdict, CM/ECF # 243).  The jury also found that Defendant had failed to prove by clear and convincing evidence that any combination of the prior art on which Defendant relied rendered any of claims 1 and 2 of the '954 patent invalid on the basis of obviousness.  (Id.).

On November 8, 2006 Defendant renewed its motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) on the issue of infringement and in the alternative, seeks a new trial on this issue.[2]

---

[1]Such products of Defendant are the: Synthes Combination Clamp for Large External Fixator; Synthes Medium Combination Clamp; Synthes Large Combination Clamp, MR Safe; Synthes Small Combination Clamp, Small External Fixator, MR Safe; Synthes Medium Combination Clamp, MR Safe; Synthes 8mm/11mm Combination Clamp, MR Safe; Synthes Adjustable Clamp, Mandible External Fixator System, MR Safe; Synthes Adjustable Parallel Pin Clamp, Mandible External Fixator System, MR Safe; Synthes Open Adjustable Clamp; Synthes Open Adjustable Clamp, MR Safe; and Synthes Medium Open Adjustable Clamp, MR Safe.

[2]The Court notes that Defendant's brief also states that Defendant moves for judgment as a matter of law as to the validity of the '954 patent based on indefiniteness under 35 U.S.C. § 112.  (Def. JMOL Br. at 3).  However, having reviewed Defendant's submission thoroughly, the

## DISCUSSION

**A.      Motion for Judgment as a Matter of Law**

       **1.      Legal Standards**

            **a.      Judgment as a Matter of Law**

      To prevail on a renewed motion for judgment as a matter of law pursuant following a jury

trial and verdict, the moving party "'must show that the jury's findings, presumed or express, are

not supported by substantial evidence or, if they were, that the legal conclusion(s) implied [by]

the jury's verdict cannot in law be supported by those findings.'"[3]  Pannu v. Iolab Corp., 155

F.3d 1344, 1348 (Fed. Cir. 1998) (quoting Perkin-Elmer Corp. v. Computervision Corp., 732

F.2d 888, 893 (Fed. Cir. 1984)).  The Federal Circuit defines "substantial evidence" as "such

relevant evidence from the record taken as a whole as might be accepted by a reasonable mind as

adequate to support the finding under review."  Perkin-Elmer Corp., 732 F.2d at 893.  The Court

should only grant the motion "if, viewing the evidence in the light most favorable to the

nonmovant and giving it the advantage of every fair and reasonable inference, there is

insufficient evidence from which a jury reasonably could find liability."  Lightning Lube, Inc. v.

Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993).  "In determining whether the evidence is

sufficient to sustain liability, the court may not weigh the evidence, determine the credibility of

---

Court finds that Defendant focuses solely on the issue of infringement, and provides no
arguments specific to the validity of the '954 patent.  Accordingly, the Court will treat
Defendant's motion as one only for judgment as a matter of law on the issue of infringement.

    [3]Despite the Federal Circuit having appellate jurisdiction over this matter, upon a motion
for judgment as a matter of law, the Federal Circuit applies the law of the regional circuit.
See Dystar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co., 464 F.3d 1356, 1359
(Fed. Cir. 2006).

witnesses, or substitute its version of the facts for the jury's version." Lightning Lube, 4 F.3d at 1166 (citing Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 190 (3d Cir. 1992)). Rather, the court must resolve all conflicts of evidence in favor of the non-movant. Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1348 (3d Cir. 1991); Perkin-Elmer Corp., 732 F.2d 893.

"The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." Lightning Lube, 4 F.3d at 1166 (quoting Patzig v. O'Neil, 577 F.2d 841, 846 (3d Cir. 1978)). In conducting such an analysis, "the court may not determine the credibility of the witnesses nor 'substitute its choice for that of the jury between conflicting elements of the evidence.'" Syngenta Seeds, Inc. v. Monsanto Co., 409 F.Supp.2d 536, 539 (D.Del. 2005) (quoting Perkin-Elmer Corp., 732 F.2d at 893). Generally, the court must determine whether the evidence reasonably supports the jury's verdict. See Dawn Equip. Co. v. Ky. Farms Inc., 140 F.3d 1009, 1014 (Fed. Cir. 1998).

### b.    Infringement

"Literal infringement exists if each of the limitations of the asserted claim(s) read on, that is, are found in, the accused device." Tate Access Floors, Inc. v. Interface Architectural Res., Inc., 279 F.3d 1357, 1366 (Fed. Cir. 2002). A determination of infringement is comprised of two steps. Oakley, Inc. v. Sunglass Hut Intern., 316 F.3d 1331, 1339 (Fed. Cir. 2003). First, the court construes the scope and meaning of the asserted claims. Id. (citing Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc) (citations omitted)). Next, the court compares the properly construed claims to the allegedly infringing device to determine whether each claim is found in the accused device. Oakley, Inc., 316 F.3d at 1339 (citing Cybor Corp.,

138 F.3d at 1459; Warner-Jenkinson Co. v. Hilton-Davis Chem. Co., 520 U.S. 17, 29 (1997)).

While the initial determination is a matter of law, the second determination of whether a claim

encompasses an accused device, is a question of fact.  Zelinski v. Brunswick Corp., 185 F.3d

1311, 1315 (Fed. Cir. 1999) (citing Cybor Corp., 138 F.3d at 1451, 1456; North Am. Vaccine,

Inc. v. Am. Cyanamid Co., 7 F.3d 1571, 1574 (Fed. Cir. 1993)).

### 2.     Analysis

Claim 1 of the '954 patent claims:

1. An articulation element for the relative positioning of fixation bars or pins of an
external fixator, comprising at least one pair of jaws mounted on a shaft as
arranged along an axis of said shaft, and having on their adjacent faces grooves
having opposed surfaces extending in a direction transverse to said axis which
form a passage intended to receive a bar or a pin;

> an elastic element positioned around said shaft, and acting
> along said shaft on at least one of said jaws tending to press
> said opposed surfaces together;

> a clamping element for clamping said pair of jaws together and
> locking said bars or pins held between said jaws in a relative
> position;

> said opposed surfaces forming said passage are positioned and
> arranged so as to have an external opening along said transverse
> direction allowing the bar or pin to be placed in said passage by
> pressure in a direction perpendicular to both said axis and said
> transverse direction transverse to said axis against the force of said
> elastic element which presses the opposed surfaces of said grooves
> against one another to hold the articulation element on the bars or
> pins before the clamping element locks the pairs of jaws, said
> passage formed by said opposed surfaces having a cross-section
> smaller than a cross-section of said pins or bars prior to the bar or
> pin being placed therein.

Claim 2 of the '954 patent claims:

> 2. The articulation element according to claim 1 wherein said elastic

element consists of a coil spring arranged around a central shaft arranged along said axis.

Defendant moves for judgment as a matter of law on the issue of infringement, arguing that any reasonable jury would have found that Plaintiff failed to prove by a preponderance of the evidence that the accused products literally infringed claims 1 and 2 of the '954 patent. Defendant argues that Plaintiffs failed to establish that the accused products meet the "press . . . opposed surfaces" limitations and failed to establish that the accused products meet the "cross-section smaller" limitation of the asserted claims. Defendant also argues that since Plaintiffs have failed to establish infringement of claim 1, then Plaintiffs necessarily fail to establish infringement with respect to claim 2, a dependent claim.

Plaintiffs oppose Defendant's motion for judgment as a matter of law on the basis that Defendant has failed to show the absence of substantial evidence supporting the jury verdict of infringement. Plaintiffs contend that the jury had substantial evidence before it, including the patent itself, physical exhibits, and Defendant's sworn answers to interrogatories upon which it could have based its infringement determination. Plaintiffs also note that Defendant did not put on one single fact or expert witness in support of its non-infringement contentions. Further, Plaintiffs renew their argument that Defendant is precluded from asserting any non-infringement contention due to its failure throughout discovery to assert such a position.

### a.     Press . . . Opposed Surfaces Limitations

Defendant's argument with respect to the "press . . . opposed surfaces" limitations pertains to language in claim 1 of the '954 patent. Specifically, Defendant argues that "Stryker has failed to present evidence that the accused Synthes clamps meet the limitations of claim 1

requiring that the 'opposed surfaces' of the claimed 'grooves' are pressed 'together' and 'against one another' as required in claim 1." (Def. JMOL Br. at 6-7). Defendant contends that Plaintiffs failed to introduce any evidence that the accused products meet such limitations. Defendant also renews its request to have the Court adopt its proposed interpretation of the "press . . . opposed surfaces" limitation in claim 1. However, Defendant maintains that no matter whether the Court adopts Defendant's proposed interpretation or not, Plaintiffs have nevertheless failed to establish infringement. (Id.). Defendant urges that under either the construction agreed upon by the parties in 2002 or the construction proposed by Defendant, Plaintiffs failed to present substantial evidence that the accused products meet these limitations. (Id. at 9).

Defendant argues that the report and testimony of Plaintiffs' expert, Dr. Burstein, fails to establish infringement since this evidence does not demonstrate that the grooves of the accused products ever come into direct contact against one another by the force of the elastic element. (Id. at 9-10). Defendant argues that Dr. Burstein "watered down" the claim language to require only that the grooves are pressed "towards" one another, an interpretation Defendant argues is inconsistent with the claim language. (Id. at 11-12). In support of this argument, Defendant refers the Court to testimony of Dr. Burstein regarding claim 9 of the '954 patent, which Plaintiffs withdrew from the case, and the language of a related patent, Patent No. 6,080,153 (the '153 patent).

Plaintiffs oppose Defendant's motion with respect to the "press . . . opposed surfaces" argument on the basis that the jury had substantial evidence supporting infringement before it, including: the physical evidence introduced at trial including both Plaintiffs' invention and the accused products, the '954 patent itself, Defendant's answers to certain interrogatories,

7

Defendant's failure to call any witness in support of its position, and the testimony from Plaintiffs' expert, Dr. Burstein. (Pl. JMOL Br. Opp'n at 7). Further, Plaintiffs argue that Defendant's request for further claim construction must be denied as the Court has already addressed, and denied, such a request.

Plaintiffs contend that Defendant's argument relies on a narrow reading of claim 1, one which ignores the plain meaning of the claim language. Plaintiffs argue that when read in context, claim 1 requires only that the elastic element tend to press the opposed surfaces of the groove together to hold the articulation element onto the bar, pin or rod. (Pl. JMOL Br. Opp'n at 8-9). Plaintiffs also argue that, based upon prior rulings of this Court, Defendant's claim construction arguments pertaining to the "cross-section" limitations must be rejected.

As a preliminary matter, the Court determines that Defendant is precluded from arguing for a construction of claim 1 that varies from the one agreed to by the parties in 2002, and submitted to the jury at trial. By way of Memorandum & Order dated July 28, 2006, the Court declined Defendant's request for additional claim construction on several bases. Defendant did not move for reconsideration of the Order and presently fails to demonstrate that this Court abused its discretion. Accordingly, the Court again denies Defendant's request for further claim construction.

To the extent that Defendant argues that Plaintiffs failed to establish infringement of claims 1 and 2 based on the parties' 2002 agreed-upon claim construction of the "press . . . opposed surfaces" limitations contained in claim 1, the Court finds that Defendant has failed to carry its burden of showing that the jury verdict of infringement is unsupported by substantial evidence. At trial, Plaintiffs introduced physical samples of the accused products which the jury

was then able to compare to the language of claim 1 to conclude that the "opposed surfaces"

limitations were present in each product.  Plaintiffs also had the benefit of Dr. Burstein's

testimony with regard to the limitations at issue, including his explanation that the language

requires the grooves to be pressed "towards each other."  Although Defendant argues that it

elicited certain inconsistencies in testimony during its cross-examination of Dr. Burstein, upon a

motion for judgment as a matter of law, the Court must not determine the credibility of Dr.

Burstein nor "substitute its version of the facts for the jury's version."  Lightning Lube, 4 F.3d at

1166 (citation omitted).  The Court determines that based upon the parties agreed interpretation

of the language of claim 1, the accused clamps themselves, and the testimony of Dr. Burstein,

sufficient evidence existed upon which the jury could properly find a verdict for Plaintiffs.  See

Lightning Lube, 4 F.3d at 1166 (citation omitted).  Accordingly, to the extent that Defendant's

motion is premised upon the "press . . . opposed surfaces" limitations in claim 1, it is denied.

### b.    Cross-Section Smaller Limitation

Defendant moves for judgment as a matter of law on the issue of infringement based upon

its argument that Plaintiffs failed to establish that the accused products meet the "cross-section

smaller" limitation of claim 1.

The relevant portion of claim 1 is as follows: ". . . said passage formed by said opposed

surfaces having a *cross-section smaller* than a cross-section of said pins or bars prior to the bar or

pin being placed therein."  (emphasis added).  The crux of Defendant's argument appears to be

that the Plaintiffs' evidence and testimony offered by its expert, Dr. Burstein, failed to provide a

consistent interpretation of "cross-section," thus precluding Plaintiffs from establishing that the

accused products met such a limitation.  Defendant argues that the Plaintiffs alternated between

stating that the "cross-section" language referred to both an areal dimension and a linear

dimension.  (Def. JMOL Br. at 18).  Defendant contends that the testimony from Dr. Burstein,

including the visual aides utilized by Plaintiffs during Dr. Burstein's testimony, caused further

confusion, and in sum, failed to constitute proof of infringement of the "cross-section smaller"

limitation of claim 1.  (Id. at 19-21).  Defendant also renews its request that the Court adopt its

proposed construction of this language.

Plaintiffs oppose Defendant's motion for judgment as a matter of law with respect to

Defendant's "cross-section smaller" limitation argument on the bases that 1) Defendant is

precluded from advancing a new construction of this language and 2) Plaintiffs introduced

substantial evidence to support the jury's finding of infringement.  (Pl. JMOL Br. at 10).

As a preliminary matter, the Court refers to its analysis of Defendant's request for further

construction of claim 1 above in Section A.2.a. and denies such request.  The Court hereby

precludes Defendant from advancing any interpretation of the "cross-section smaller" limitation

different from that agreed upon by the parties earlier in this litigation.

To the extent that Defendant argues that Plaintiffs failed to establish infringement of

claims 1 and 2 based on the parties' 2002 agreed-upon claim construction of the "cross-section

smaller" limitation contained in claim 1, the Court finds that Defendant has failed to carry its

burden of showing that the jury verdict of infringement is unsupported by substantial evidence.

The relevant language of claim 1 is as follows: "said passage formed by said opposed surfaces

having a *cross-section smaller* than a cross-section of said pins or bars prior to the bar or pin

being placed therein."  (emphasis added).  While Defendant argues that Plaintiffs assumed

inconsistent positions with respect to the meaning of "cross-section," the jury was entitled to

accept Dr. Burstein's testimony about the meaning of this language which was supported by both the physical exhibits of the accused products and the computerized visual aids.  (Pl. JMOL Br. Opp'n at 11; citing Tr 3.45:10-22).  Despite Defendant's argument concerning alleged inconsistencies among Dr. Burstein's report, his direct examination by Plaintiffs, and Defendant's cross-examination, the Court notes that it is constrained to resolve all evidentiary conflicts in favor of Plaintiffs, the non-movant.  See Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1348 (3d Cir. 1991).  Having done so, the Court concludes that the testimony of Dr. Burstein wherein he testified as to the meaning of the "cross-section smaller" limitation, then addressed each accused product and compared it to the language of claim 1 is sufficient to allow reasonable minds to reach a conclusion of infringement.  See Perkin-Elmer, 732 F.2d at 893.  Accordingly, to the extent that Defendant's motion is based upon the "cross-section smaller" limitation, it is hereby denied.

**B.    Motion for a New Trial**

    **1.    Legal Standard**

Federal Rule of Civil Procedure 59(a) provides that:

> [a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . .

Fed. R. Civ. P. 59(a).  It is within the discretion of the district court whether or not to grant a new trial.  Wagner v. Fair Acres Geriatric Ctr., 49 F.3d 1002, 1017 (3d Cir. 1995).  Although Rule 59 does not detail the grounds on which a new trial may be granted, the following grounds have been recognized by this Circuit: "the verdict is against the clear weight of the evidence; damages

are excessive; the trial was unfair; and that substantial errors were made in the admission or rejection of evidence or the giving or refusal of instructions." Lightning Lube, Inc. v. Witco Corp., 802 F.Supp. 1180, 1186 (D.N.J. 1992), aff'd, 4 F.3d 1153 (3d Cir. 1993).

When reviewing a motion for a new trial, a court must view the evidence in the light most favorable to the party for whom the verdict was returned. Wagner v. Firestone Tire & Rubber Co., 890 F.2d 652, 656 (3d Cir. 1989). Where a motion for a new trial is based primarily on the weight of the evidence, the discretion of the trial court is limited. Klein v. Hollings, 992 F.2d 1285, 1290 (3d Cir. 1993); see also Greenleaf v. Garlock, Inc., 174 F.3d 352, 366 (3d Cir. 1999). Indeed, "new trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience." Williamson, 926 F.2d at 1353; see also Greenleaf, 174 F.3d at 366. Although a court is permitted to consider the credibility of trial witnesses and to weigh evidence, it must "exercise restraint to avoid usurping the jury's primary function." Hurley v. Atl. City Police Dep't, 933 F.Supp. 396, 403 (D.N.J. 1996), aff'd, 174 F.3d 95 (3d Cir. 1999).

## 2.    Analysis

Defendant moves for a new trial based upon the same arguments it presented in favor of its motion for judgment as a matter of law. (Def. JMOL Br. at 3). However, Defendant provides little argument specific to its Rule 59(a) motion in the alternative in its moving submissions to the Court. Plaintiffs oppose Defendant's motion and argue that the substantial evidence in support of the jury's verdict of infringement demonstrates that to allow it to stand would not result in any miscarriage of justice.

Defendant's contention that the verdict was against the weight of the evidence can be quickly dismissed.  Since the Court must assume that Defendant relies upon its arguments for judgment as a matter of law in support of the instant request, the Court echoes its earlier statements.  For the same reasons as stated in the previous section of this Opinion, the Court finds that the jury verdict on the issue of infringement was not "against the weight of the evidence."  Based on the evidence presented, the jury acted well within its discretion in finding that claims 1 and 2 of the '954 patent were infringed.  Defendant provides no reason for the Court to find that the verdict amounts to a "miscarriage of justice" or that it "shocks the conscience."  Williamson, 926 F.2d at 1353; Greenleaf, 174 F.3d at 366.  Accordingly, Defendant's alternate request for a new trial pursuant to Rule 59(a) is denied.

## CONCLUSION

For the reasons set forth in this Opinion, Defendant's renewed motion for judgment as a matter of law on the issue of infringement of claims 1 and 2 of the '954 Patent, and in the alternative, for a new trial pursuant to Federal Rule of Civil Procedure 59(a), is denied in its entirety.

An appropriate Order accompanies this Opinion.

DATED:  June 27, 2007                                 /s/ Jose L. Linares
                                                                United States District Judge

13