NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STRYKER TRAUMA S.A., a Swiss corporation, and HOWMEDICA OSTEONICS CORP. a New Jersey corporation, <br><br> Plaintiffs, <br><br> v. <br><br> SYNTHES (USA), a Pennsylvania partnership, <br><br> Defendant. | Civil Action No.: 01-cv-3879 (JLL) <br><br> **O P I N I O N** |

**LINARES,** District Judge.

This matter comes before the Court on the renewed motion of Defendant, Synthes (USA) ("Synthes" or "Defendant") for judgment as a matter of law on the issue of the validity of claims 1 and 2 of the patent-in-suit, United States Patent No. 5,752,954 (the "'954 Patent"), and in the alternative, for a new trial pursuant to Federal Rule of Civil Procedure 59(a). No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, Defendant's motion is denied in its entirety.

## BACKGROUND

Since much of the factual and procedural background of this matter has been recounted extensively in prior Opinions, the Court will address only the relevant facts herein. This Court held trial on Plaintiffs' Stryker Trauma, S.A. ("Stryker") and Howmedica Osteonics Corporation

("Howmedica") (collectively "Plaintiffs") claim that Defendant allegedly infringed upon claims 1 and 2 of the '954 patent.  Defendant asserted an affirmative defense that the '954 patent was invalid as obvious.

Trial began on October 3, 2006 and concluded on October 25, 2006.  On October 19, 2006, Defendant moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) that claims 1 and 2 of the '954 patent were invalid as obvious.  The Court denied same without prejudice pending the jury verdict.  At the conclusion of trial, the jury returned a verdict in favor of Plaintiffs on the claims of infringement and the validity of the '954 patent.  The jury found that Plaintiffs had successfully carried the burden of proof as to infringement with respect to Claims 1 and 2 of the '954 patent as to certain of Defendant's products.[1]  (Jury Verdict, CM/ECF # 243).  The jury also found that Defendant had failed to prove by clear and convincing evidence that any combination of the prior art on which Defendant relied rendered any of claims 1 and 2 of the '954 patent invalid on the basis of obviousness.  (Id.).

On November 8, 2006 Defendant renewed its motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) on the issue of validity and in the alternative, seeks a new trial on this issue.

---

[1]Such products of Defendant are the: Synthes Combination Clamp for Large External Fixator; Synthes Medium Combination Clamp; Synthes Large Combination Clamp, MR Safe; Synthes Small Combination Clamp, Small External Fixator, MR Safe; Synthes Medium Combination Clamp, MR Safe; Synthes 8mm/11mm Combination Clamp, MR Safe; Synthes Adjustable Clamp, Mandible External Fixator System, MR Safe; Synthes Adjustable Parallel Pin Clamp, Mandible External Fixator System, MR Safe; Synthes Open Adjustable Clamp; Synthes Open Adjustable Clamp, MR Safe; and Synthes Medium Open Adjustable Clamp, MR Safe.

## DISCUSSION

A.      **Motion for Judgment as a Matter of Law**

     1.      **Legal Standards**

         a.      **Judgment as a Matter of Law**

To prevail on a renewed motion for judgment as a matter of law pursuant following a jury trial and verdict, the moving party "'must show that the jury's findings, presumed or express, are not supported by substantial evidence or, if they were, that the legal conclusion(s) implied [by] the jury's verdict cannot in law be supported by those findings.'"[2] Pannu v. Iolab Corp., 155 F.3d 1344, 1348 (Fed. Cir. 1998) (quoting Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 893 (Fed. Cir. 1984)).  The Federal Circuit defines "substantial evidence" as "such relevant evidence from the record taken as a whole as might be accepted by a reasonable mind as adequate to support the finding under review." Perkin-Elmer Corp., 732 F.2d at 893.  The Court should only grant the motion "if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993) (citing Wittekamp v. Gulf Western Inc., 991 F.2d 1137, 1141 (3d Cir. 1993)).  "In determining whether the evidence is sufficient to sustain liability, the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." Lightning Lube, 4 F.3d at 1166 (citing

---

[2] Despite the Federal Circuit having appellate jurisdiction over this matter, upon a motion for judgment as a matter of law, the Federal Circuit applies the law of the regional circuit. See Dystar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co., 464 F.3d 1356, 1359 (Fed. Cir. 2006).

Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 190 (3d Cir. 1992)).  Rather, the court must resolve all conflicts of evidence in favor of the non-movant.  Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1348 (3d Cir. 1991); Perkin-Elmer Corp., 732 F.2d 893.

"The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party."  Lightning Lube, 4 F.3d at 1166 (quoting Patzig v. O'Neil, 577 F.2d 841, 846 (3d Cir. 1978)).  In conducting such an analysis, "the court may not determine the credibility of the witnesses nor 'substitute its choice for that of the jury between conflicting elements of the evidence.'"  Syngenta Seeds, Inc. v. Monsanto Co., 409 F.Supp.2d 536, 539 (D.Del. 2005) (quoting Perkin-Elmer Corp., 732 F.2d at 893).  Generally, the court must determine whether the evidence reasonably supports the jury's verdict.  See Dawn Equip. Co. v. Ky. Farms Inc., 140 F.3d 1009, 1014 (Fed. Cir. 1998).

      **b.**    **Obviousness**

A patent issued by the Patent & Trademark Office is presumed valid.  35 U.S.C. § 282.  Accordingly, an accused infringer must prove invalidity through obviousness by clear and convincing evidence.  Glaxo Group Ltd. v. Apotex, Inc., 376 F.3d 1339, 1348 (Fed. Cir. 2004); PIN/NIP, Inc. v. Platte Chem. Co., 304 F.3d 1235, 1243 (Fed. Cir. 2002).

Under 35 U.S.C. § 103(a),

> [a] patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, *if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious as the time the invention was made* to a person having ordinary skill in the art to which said subject matter pertains.

35 U.S.C. § 103(a) (emphasis added).  Obviousness depends on an objective analysis by the fact-

finder of (1) the scope and content of the prior art; (2) the differences between the claimed invention and the prior art; (3) the level of ordinary skill in the art; and (4) any relevant secondary considerations.  Graham v. John Deere Co. of Kan. City, 383 U.S. 1, 18 (1966).  As the Supreme Court recently noted, "[w]hile the sequence of these questions might be reordered in any particular case, the factors continue to define the inquiry that controls.  If a court, or patent examiner, conducts this analysis and concludes the claimed subject matter was obvious, the claim is invalid under § 103."  KSR Int'l Co. v. Teleflex Inc., et al.,127 S.Ct. 1727 (2007).

The Federal Circuit employs an additional inquiry within the obviousness analysis under which a patent claim is obvious only if "some motivation or suggestion to combine the prior art teachings" can be found in the prior art, the nature of the problem, or the knowledge of a person having ordinary skill in the art.  Id. at 1734.  This test is referred to as the "teaching, suggestion or motivation" test (the "TSM test").  Id. at 1734-35.  The Supreme Court examined the validity and applicability of the TSM test in its KSR decision.  Id.  While the Court did not reject the TSM test, it noted that the "helpful insights" provided by application of the TSM test "need not become rigid and mandatory formulas."  Id. at 1741.  Rather, the Supreme Court has stated that "[w]hat matters is the objective reach of the claim" and has held that a fact-finder must conduct a broad application of the TSM test and allow "neither the particular motivation nor the avowed purpose of the patentee" to control the analysis.[3]  Id. at 1741-42.

---

[3]Following the issuance of the KSR decision, Defendant submitted a statement of supplemental authority to the Court, urging therein that the decision has "significant implications" for Defendant's post-trial motions. (Def. Supp. Auth. at 1).  Plaintiffs responded to this submission and disagree with Defendant's reading of KSR and its application to the present matter. (Pl. Supp. Auth.).  To the extent that such submissions are relevant to the analysis herein, the Court will refer to them as needed to provide specific context.

**2.     Analysis**

Claim 1 of the '954 patent claims:

1. An articulation element for the relative positioning of fixation bars or pins of an external fixator, comprising at least one pair of jaws mounted on a shaft as arranged along an axis of said shaft, and having on their adjacent faces grooves having opposed surfaces extending in a direction transverse to said axis which form a passage intended to receive a bar or a pin;

> an elastic element positioned around said shaft, and acting along said shaft on at least one of said jaws tending to press said opposed surfaces together;
>
> a clamping element for clamping said pair of jaws together and locking said bars or pins held between said jaws in a relative position;
>
> said opposed surfaces forming said passage are positioned and arranged so as to have an external opening along said transverse direction allowing the bar or pin to be placed in said passage by pressure in a direction perpendicular to both said axis and said transverse direction transverse to said axis against the force of said elastic element which presses the opposed surfaces of said grooves against one another to hold the articulation element on the bars or pins before the clamping element locks the pairs of jaws, said passage formed by said opposed surfaces having a cross-section smaller than a cross-section of said pins or bars prior to the bar or pin being placed therein.

Claim 2 of the '954 patent claims:

> 2. The articulation element according to claim 1. wherein said elastic element consists of a coil spring arranged around a central shaft arranged along said axis.

Defendant argues that it has shown that claims 1 and 2 of the '954 patent are invalid as obvious and any reasonable jury would therefore have found that Defendant had carried its burden by clear and convincing evidence. The Court disagrees.

Defendant argues that Plaintiffs failed to present evidence at trial to support a factual dispute as to any of the Graham factors nor as to the TSM test. In support of such an argument, Defendant notes that the parties stipulated to the level of one with ordinary skill in the art and that based upon the evidence presented, no dispute exists with respect to the scope and content of the relevant nor the differences between the prior art and the claimed subject matter. Further, Defendant argues that Plaintiffs failed to establish the required "nexus" which necessarily precedes any analysis of secondary considerations. Finally, Defendant argues that the evidence establishes as a matter of law that "a motivation existed to combine the identified prior art references in the manner urged by [Defendant]." (Def. JMOL Br. at 4).[4] Accordingly, Defendant argues that the Court need not resolve any evidentiary disputes within the context of its motion and that Defendant is entitled to judgment as a matter of law on the issue of invalidity.

Plaintiffs oppose Defendant's motion for judgment as a matter of law and cite to various pieces of evidence offered at trial to support the nonobviousness of the claims. Plaintiffs do not dispute that the parties stipulated to the level of one with ordinary skill in the art nor do Plaintiffs dispute the scope and content of the relevant prior art. However, Plaintiffs *do* disagree with Defendant's contention that no factual disputes exist with respect to differences between the prior art and the invention claimed by claims 1 and 2 of the '954 patent. In fact, Plaintiffs' brief in opposition to Defendant's motion argues that Defendant has "ignored significant differences between the prior art clamps and the invention of the '954 patent" which support the jury's verdict on the issue of invalidity. (Pl. JMOL Br. Opp'n at 8).[5]

---

[4] All references to Def. JMOL. Br. shall refer to CM/ECF Entry # 250.

[5] All references to Pl. JMOL Br. Opp'n shall refer to CM/ECF Entry # 254.

Plaintiffs cite to <u>Tec Air, Inc. v. Denso Mfg. Mich., Inc.</u>, 192 F.3d 1353, 1359 (Fed. Cir. 1999) for the proposition that when addressing a motion for judgment as a matter of law after a jury verdict, a court is required to "presume that the jury resolved [any] underlying factual dispute[] in favor of the verdict winner and leave such presumed findings undisturbed if same are supported by substantial evidence." (Pl. JMOL Br. Opp'n at 5). Plaintiffs also dispute Defendant's arguments concerning the nexus requirement since Plaintiffs contend that there was no need for any fact-finder to even reach the issue of secondary considerations since Defendant failed to establish obviousness under the first three <u>Graham</u> factors. However, to the extent that the jury did consider secondary considerations, Plaintiffs argue that the record properly supported a finding that such considerations weighed in favor of a conclusion of nonobviousness. With respect to application of the TSM test, Plaintiffs contend that the record supported a finding that no teaching, suggestion or method existed to combine the prior art references at issue.

At trial, the parties stipulated that one with ordinary skill in the art "would have had a degree in mechanical engineering, or a related discipline, and several years of experience in the art of external fixation. The experience could consist of design and development of external fixation devices, such as fixation clamps." (Final Jury Instructions at 51). For the purposes of its motion, Defendant refers to three pieces of prior art which it contends are sufficient to demonstrate as a matter of law that the invention claimed in the '954 patent is obvious, namely: (1) the "Mata Swiss Reference" (TX-1643 & 1643B); (2) the "Synthes Hybrid Clamp" (TX-1029A); and (3) the "Murray Reference" (TX-1613, U.S. Patent No. 4,483,334). (Def. JMOL Br. at 6). In Defendant's view, its expert, Dr. Edmund Chao ("Chao"), addressed each of these references and provided undisputed factual testimony about the ways in which these references

differed from claims 1 and 2 of the '954 patent. Defendant contends that Chao also provided uncontradicted testimony as to how the Mata Swiss Reference and Synthes Hybrid Clamp could be modified to eliminate any "differences" between them and claims 1 and 2, thus meeting its burden of proving obviousness. (Def. JMOL Br. at 12).

Specifically, Defendant argues that it offered uncontradicted evidence at trial, by way of testimony from Chao, that "linked" each specified reference and its content to claims 1 and 2 which in turn, demonstrated that claims 1 and 2 of the '954 patent were obvious. Generally, for each of the three references mentioned supra, Chao testified to the differences between each reference and claims 1 and 2 of the '954 patent. For instance, Defendant contends that its undisputed evidence proved that the only limitation missing from the Mata Swiss Reference is the "elastic element" described in claim 2 and that this particular reference had a "looseness problem" which would have motivated a person of ordinary skill to add a spring. (Def. JMOL Br. at 7-8). Next, Defendant argues that its evidence demonstrated that the Synthes Hybrid Clamp embodied every element of claim 1, as well as the elastic element from claim 2, except for the limitation in claim 1 concerning the placing of a bar in the passage with perpendicular force. (Id. at 8). With respect to the Murray Reference, Defendant posits that Chao testified without contradiction that this reference disclosed a clamp which allowed for lateral (perpendicular) entry of a circular pin into a circular passage. Defendant further argues that testimony related to the Murray Reference proved that this reference had a "hinge" portion which acted as an elastic element and the pin in question is inserted into the clamp against the force of such hinge. (Def. JMOL Br. at 9-10).

Defendant also argues that it presented undisputed evidence establishing various

-9-

motivations to combine these three references to: add a spring to the Mata Swiss Reference to solve the "looseness problem" and to add circular grooves to the Synthes Hybrid Clamp and thus, Defendant proved by clear and convincing evidence that claims 1 and 2 of the '954 patent are invalid for obviousness.  With respect to the Mata Swiss Reference, Defendant contends that adding a spring to it was motivated by the "looseness problem" and the added advantage and convenience of having a clamp automatically hold onto a bar by way of a spring.  (Id. at 13). With respect to a modification of the Synthes Hybrid Clamp to utilize circular grooves to receive circular rods, Defendant argues that Chao identified the following motivations to do so: the ease of manufacturing circular [rods], the popularity of such rods on the market, the effect of expanding Plaintiffs' product line, and Plaintiffs' desire to market its invention for use in long-bone fixation.  (Id. at 13-14).

    Defendant also contends that Plaintiffs' evidence of secondary considerations failed to rebut Defendant's evidence on this issue since Defendant alleges that Plaintiffs failed to establish a nexus between the secondary considerations and the claimed invention. Accordingly, Defendant argues that Plaintiffs' evidence on secondary considerations has no bearing on the issue of validity.

    Plaintiffs contend that the evidence presented at trial not only defeated Defendant's argument of invalidity, but also raised many factual disputes with regard to these references which this Court must presume were resolved in Plaintiffs' favor.  See Williamson, 926 F.2d at 1344; Perkin-Elmer Corp., 732 F.2d 893.  Plaintiffs argue that Defendant has failed to sustain its burden of demonstrating that the jury verdict was not supported by "substantial evidence.  This Court agrees.

Assuming, for the sake of argument, that Defendant's obviousness argument is based only upon the application of the <u>Graham</u> factors to the Mata Swiss Reference, the Synthes Hybrid Clamp, and the Murray Reference, as Defendant argued in its brief, Plaintiffs contend that factual disputes clearly exist with respect to the content of this prior art and differences between it and the claimed invention. Further, Plaintiffs cite to various pieces of evidence at trial to support the nonobviousness of the claims. Such evidence includes Plaintiffs' assertions that:

- the Mata Swiss Reference fails to provide a teaching or suggestion to add a spring, nor teaches that if a spring were added, it would allow for perpendicular entry against the force of the spring (Pl. Br. Opp'n at 9).

- the Synthes Hybrid Clamp does not provide a teaching or suggestion to add a spring to the Mata Swiss Reference so as to allow a rod to enter in a perpendicular fashion against the force of the spring (Pl. Br. Opp'n at 10). Rather, testimony from Mike Mazzio established that the Synthes Hybrid Clamp was meant to be pulled apart axially to allow insertion of a rod. (<u>Id.</u>; citing Tr. 5.225:22-226:2).

- no "looseness problem" existed which would have motivated a person of ordinary skill in the art to add a spring to the Mata Swiss Reference. (<u>Id.</u> at 12).

- Chao himself testified on cross-examination that the "looseness problem" was not significant enough in the mid-1980s to motivate the use of a spring. (<u>Id.</u> at 17; citing Tr.9.14:24-9.15:16).

- an examination of Defendant's "Oops" clamp, the "tube-to-tube" clamp, and the Synthes Hybrid Clamp and its predecessors, constitutes substantial evidence that no motivation to add a spring existed. (<u>Id.</u> at 20; citing TX 1077, 1078, 368, Tr. 5.213:3-5.215:8).

- mere modification of the shape of the jaws of the Synthes Hybrid Clamp, without more, may not result in a the jaws being able to receive a bar by purely perpendicular pressure. (<u>Id.</u> at 21; citing Tr. 8.153:7-8.154:0, Tr. 5.227:3-19).

With respect to the combination of these previously listed prior art references, Plaintiffs contend that Defendant has merely "cherry-picked" features from the prior art to reach the invention of the '954 patent and has failed to identify a motivation to combine these references

beyond mere hindsight. (Pl. JMOL Br. Opp'n at 7). In sum, Plaintiffs argue that Defendant failed to meet its burden by clear and convincing evidence that claims 1 and 2 are invalid as obvious.

To succeed on its motion, Defendant must show that the jury's finding of nonobviousness is unsupported by substantial evidence. Pannu, 155 F.3d at 1348. Further, in conducting such an analysis, this Court is restrained from weighing the evidence or determining the credibility of witnesses. Lightning Lube, 4 F.3d at 1166 (citation omitted). Having reviewed the evidence offered at trial by Defendant and Plaintiffs, and having reviewed the specific portions of the evidence now cited by the parties, the Court finds that the jury was entitled to give weight to Plaintiffs' arguments and evidence in deciding whether claims 1 and 2 of the '954 patent were nonobvious. The Court concludes that substantial evidence, as cited to by Plaintiffs, supported a conclusion that the Mata Swiss Reference, Synthes Hybrid Clamp and the Murray Reference, alone, or in combination, do not render claims 1 and 2 of the '954 patent obvious. Further, the Court finds that substantial evidence supported a conclusion that Defendant had failed to identify a specific motivation to combine these references to arrive at the invention claimed in the '954 patent.[6]

Defendant also contends that Plaintiffs' evidence of secondary considerations failed as a

---

[6] With respect to the Supreme Court's recent KSR decision and any effect upon Defendant's pending motion with respect to application of the TSM test, the Court determines that it need not presently engage in a detailed analysis of this issue. Having reviewed the evidence cited by the parties in their submissions to the Court, and the trial record as a whole, the Court cannot conclude that the jury based its determination upon a "rigid" application of the TSM test. Rather, substantial evidence exists to support a determination that using only the Graham factors, Defendant failed to establish by clear and convincing evidence that claims 1 and 2 of the '954 patent were obvious.

matter of law to rebut its evidence of obviousness. Specifically, Defendant argues that Plaintiffs failed to demonstrate the existence of a "nexus" between the evidence on secondary considerations and the claimed invention. Defendant also argues that even assuming Plaintiffs had demonstrated a nexus, Plaintiffs' evidence was insufficient to overcome that offered by Defendant on the remaining Graham factors. Plaintiffs dispute these two arguments and cite to evidence offered at trial which Plaintiffs argue sufficiently demonstrates the existence of secondary considerations which the jury properly considered in reaching its ultimate determination. Although raised in Defendant's moving brief, the Court does not find it necessary to address arguments related to secondary considerations evidence at this juncture. The purpose of evidence on secondary considerations is to allow a plaintiff to rebut a defendant's prima facie case of obviousness. However, here, the Court has already determined that substantial evidence exists to support the jury's finding that Defendant failed to establish such a prima facie case under the remaining Graham factors. Accordingly, the Court declines to engage in further analysis. The Court denies Defendant's renewed motion for judgment as a matter of law on invalidity.

**B.      Motion for a New Trial**

    **1.      Legal Standard**

Federal Rule of Civil Procedure 59(a) provides that:

> [a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . .

Fed. R. Civ. P. 59(a). It is within the discretion of the district court whether or not to grant a new

trial. Wagner v. Fair Acres Geriatric Ctr., 49 F.3d 1002, 1017 (3d Cir. 1995). Although Rule 59 does not detail the grounds on which a new trial may be granted, the following grounds have been recognized by this Circuit: "the verdict is against the clear weight of the evidence; damages are excessive; the trial was unfair; and that substantial errors were made in the admission or rejection of evidence or the giving or refusal of instructions." Lightning Lube, Inc. v. Witco Corp., 802 F.Supp. 1180, 1186 (D.N.J. 1992), aff'd 4 F.3d 1153 (3d Cir. 1993).

When reviewing a motion for a new trial, a court must view the evidence in the light most favorable to the party for whom the verdict was returned. Wagner v. Firestone Tire & Rubber Co., 890 F.2d 652, 656 (3d Cir. 1989). Where a motion for a new trial is based primarily on the weight of the evidence, the discretion of the trial court is limited. Klein v. Hollings, 992 F.2d 1285, 1290 (3d Cir. 1993); see also Greenleaf v. Garlock, Inc., 174 F.3d 352, 366 (3d Cir. 1999). Indeed, "new trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience." Williamson, 926 F.2d at 1344; see also Greenleaf, 174 F.3d at 366. Although a court is permitted to consider the credibility of trial witnesses and to weigh evidence, it must "exercise restraint to avoid usurping the jury's primary function." Hurley v. Atl. City Police Dep't, 933 F.Supp. 396, 403 (D.N.J. 1996), aff'd 174 F.3d 95 (3d Cir. 1999).

### 2. Analysis

Defendant provides little argument specific to its Rule 59(a) motion in the alternative in its moving submissions to the Court. In the Introduction to the brief, Defendant sets forth the legal standard for a Rule 59(a) motion and notes that the standard for granting a motion for a new

trial is "substantially less demanding" than that associated with a motion for judgment as a matter of law. (Def. Br. at 1-2, n. 1). Defendant does not reference this motion until the Conclusion of its brief, where Defendant asserts that "[i]n the alternative, a new trial under Rule 59(a) is appropriate, because the verdict is so contrary to the great weight of the evidence that to allow it to stand would result in a miscarriage of justice." (Def. Br. at 30). Plaintiffs oppose Defendant's motion and argue that the substantial evidence in support of the jury's verdict of nonobviousness demonstrates that to allow it to stand would not result in any miscarriage of justice.

Defendant's contention that the verdict was against the weight of the evidence can be quickly dismissed. Defendant provides no specifics with respect to this argument, and thus the Court is left to assume that Defendant relies upon its arguments for judgment as a matter of law. Thus, the Court echoes its earlier statements. For the same reasons as stated in the previous section of this Opinion, the Court finds that the jury verdict on the issue of invalidity was not "against the weight of the evidence." Based on the evidence presented, the jury acted well within its discretion in finding that claims 1 and 2 of the '954 patent were nonobvious. Defendant provides no reason for the Court to find that the verdict amounts to a "miscarriage of justice" or that it "shocks the conscience." Greenleaf, 174 F.3d at 366. Accordingly, Defendant's alternate request for a new trial pursuant to Rule 59(a) is denied.

## **CONCLUSION**

For the reasons set forth in this Opinion, Defendant's renewed motion for judgment as a matter of law on the issue of validity of claims 1 and 2 of the '954 Patent, and in the alternative, for a new trial pursuant to Federal Rule of Civil Procedure 59(a), is denied in its entirety.

An appropriate Order accompanies this Opinion.


DATED:   June 27, 2007                                            /s/ Jose L. Linares
                                                                 United States District Judge