NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRYKER TRAUMA S.A. and ) <br> HOWMEDICA OSTEONICS CORP., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SYNTHES (USA), ) <br> ) <br> Defendant. ) | Civil Action No.: 01-3879 (JLL) <br><br> **OPINION** |

**LINARES, District Judge.**

The instant matter comes before the Court on the September 14, 2007 motion of Defendant Synthes (USA) ("Defendant" or "Synthes") to stay this matter pending reexamination of the '954 patent before the United States Patent and Trademark Office (the "PTO"). This Court also has before it the responses of the parties to the Scheduling Order of August 22, 2007. For the reasons set forth herein, Defendant's request to stay this matter pending reexamination is granted, and the Court reserves on any issues briefed pursuant to the Scheduling Order of August 22, 2007 until after the stay ends in this case.

## INTRODUCTION

As this Court writes only for the parties, and the extensive factual and procedural background of this matter has been recounted extensively in prior opinions, the Court will address only immediately relevant facts herein. This Court held trial on Plaintiffs' claim that Defendant allegedly infringed upon claims 1 and 2 of the '954 patent. Defendant asserted an

1

affirmative defense that the '954 patent was invalid as obvious.

Following extensive pretrial motion practice by the parties, this matter was trifurcated for trial. First, an infringement trial was to be held before a jury, followed by a separate bench trial on inequitable conduct, and, finally, a jury trial on the issues of damages and willfulness. (Order of September 13, 2006 (Docket # 201); Order of May 12, 2006 (Docket # 107); October 14, 2003, Order of J. Hedges (Docket # 52).)

The infringement trial began on October 3, 2006 and concluded on October 25, 2006. At the conclusion of trial, the jury returned a verdict in favor of Plaintiffs on the claims of infringement and the validity of the '954 patent. The jury found that Plaintiffs had successfully carried the burden of proof as to infringement with respect to Claims 1 and 2 of the '954 patent as to certain of Defendant's products. (Jury Verdict, Docket # 243). The jury also found that Defendant had failed to prove by clear and convincing evidence that any combination of the prior art presented by Defendant rendered any of claims 1 and 2 of the '954 patent invalid on the basis of obviousness. (Id.).

On January 23, 2007, Defendant filed an ex parte application with the PTO for reexamination of the '954 patent. (Def. Br. at 2.) The PTO granted the request to reexamine the '954 patent on March 5, 2007; the reexamination will include, inter alia, claims 1 and 2. (Id. at 3.) Synthes has undertaken to "promptly notify" this Court of any action taken by the PTO with respect to the reexamination. (Id. at 4 n.6.)

**DISCUSSION**

The decision of whether or not to stay a patent case during reexamination is discretionary. Viskase Corp. v. American Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001); Ethicon, Inc. v.

2

Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). There is no conflict between a reexamination and a challenge to a patent in federal court, despite the fact that the two forums may come to differing conclusions on the same patent; the PTO and the district courts apply different standards and come to different legal conclusions. Ethicon, Inc., 849 F.2d at 1428-29, n.3. In deciding whether to stay a matter pending reexamination, courts have developed a three-part test: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Xerox Corp. v. 3Com Corp., 69 F. Supp 2d 404, 406 (W.D.N.Y. Feb. 18, 1999). See also Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983) (stays pending reexamination appealable only if constituting effective termination or if for indefinite period). Other courts have provided alternative phrasing for this standard: "In deciding whether to grant a stay, the court must weight the benefits of the stay against the costs." Motson v. Franklin Covey Co., No. 03-067, 2005 WL 3465664, at *1 (D.N.J. Dec. 16, 2005); Middleton, Inc. v. Minnesota Mining & Mfg. Co., No. 03-40493, 2004 WL 1968669, at *3 (S.D. Iowa Aug. 24, 2004).

A.   **Prejudice and Tactical Advantage**

Synthes argues that the delay engendered by a stay pending reexamination is insufficient by itself to amount to prejudice against Stryker, that its decision to file for reexamination after the jury verdict in the first phase of this trial would not create unfair delay, and that the potential harm to Synthes if this Court and the PTO render opposing decisions all militate in favor of a stay. (Def. Br. at 13-15.) Stryker responds that any delay due to a stay pending reexamination would be unfair, as Synthes has known of the prior art at issue for years; that the stay sought is

3

purely a dilatory tactic on the part of Synthes; and that the stay might be indefinite. (Pl. Opp. Br. at 6-7.)  This Court finds that while delay and tactical advantage are concerns in this case, any delay engendered by a stay would by no means be so indefinite as to mandate denial of Defendant's motion.

While any further delay in these proceedings would of course be regrettable, Defendant is at least partially correct in noting that delay is not a dispositive issue as it is common to all stayed cases.  (Def. Br. at 2.)  A delay in these proceedings serves the interests of correctness and finality, by assuring that any decision by the PTO can be taken into account by this Court prior to further proceedings, but necessarily results in a deferral of the final outcome in this case. <u>Compare</u> <u>Azkenta Paneele + Profile GmbH v. Unlin Flooring N.C. LLC</u>, 464 F. Supp 2d 481, 485 (D.Md. Dec. 12, 2006) (discussing the difficulty of conducting business with both an infringement suit and a reexamination pending) <u>with</u> <u>Sorensen v. Black and Decker Corp.</u>, 2007 WL 2696590, at *4 (S.D.Cal. Sept. 10, 2007) (citing delay itself as insufficient rationale to deny stay).

Plaintiffs concede that Defendant does possess a statutory right to request reexamination, but also urges that this right could have been invoked at any time after April 14, 2004.  35 U.S.C. § 302; Pl. Opp. Br. at 6.  Defendant elected to pursue the reexamination option after the jury verdict in the first phase of this trial, providing it with a potential means to moot the jury's verdict in addition to the more traditional litigation techniques of moving for reconsideration and an appeal on the merits.  This Court notes that there is no strict legal dichotomy resulting from a jury finding of validity and infringement on the same matter found unpatentable by the PTO, as the legal standard applied in the two forums and the parties in interest differ: for example, the

4

PTO applies no presumption of validity. See Pfizer, Inc. v. Apotex, Inc., 480 F.3d 1348, 1359-60 (Fed. Cir. 2007); In re Morris, 127 F.3d 1048, 1054 (Fed. Cir. 1997) (noting absence of presumption of validity before the PTO). While Synthes's course of action does result in an extra post-verdict means of attacking the result achieved before the jury, and a resultant tactical advantage, this Court finds that denial of a stay because one party timed legitimate procedural actions in such a manner as to best serve its own interests, at least in the current case, does not present the kind of inequitable action warranting a denial of the stay.

Finally, this Court finds that any lack of a specified time for the duration of a stay in this case is not dispositive of Defendant's motion. While worst-case scenarios do exist that would put off any resumption of this action until after a protracted process before the PTO, followed by appeals, such a process would not be indefinite enough to warrant denial of the stay on that basis. Both parties cite to statistics on the average pendency of reexaminations, and the Court only takes notice of these statistics insofar that whether the average period for reexamination is 22.1 months or 22.8 months, in the context of a patent case entering its seventh calendar year on the docket, such periods of time are not sufficiently indefinite to warrant denial of the stay on that basis. American Heritage Dictionary 654 (2nd College Ed. 1991) (defining "indefinite," inter alia, as "[l]acking precise limits"); Def. Br. at Ex. C; Pl. Opp. Br. at 5.[1]  Upon review of the relevant issues concerning delay, prejudice, and tactical advantage, therefore, this Court finds that any prejudice Stryker will suffer through delay or tactical advantage, while undeniably present, does not weigh heavily in the balancing of the stay factors. Xerox Corp., 69 F. Supp 2d

---

[1] Additionally, Stryker, apparently in the interest of seeing the reexamination through with all possible alacrity, has already stated that it has forgone filing a statement on the reexamination before the PTO, further streamlining the process. 35 U.S.C. § 304; Pl. Opp. Br. at 5.

at 406.

## B. Simplification of Remaining Issues

Synthes argues with respect to simplification of the remaining issues before this Court—namely, inequitable conduct, damages, and willfulness—that reexamination may bolster its ability to utilize the prior art it intends to deploy in arguing inequitable conduct, strengthen its arguments as to Stryker's deceptive intent during the inequitable conduct phase, and affect its ability to demonstrate the reasonableness of its conduct with respect to willfulness. (Def. Br. at 8-11.) Stryker maintains that the issue of validity in these proceedings has already been decided, and denies that reexamination will shed light on the inequitable conduct and willfulness phases of the trial. (Pl. Opp. Br. at 14-19.)

"A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." In re Cygnus Telecomm. Technology, LLC, Patent Litig., 385 F. Supp 2d 1022, 1023 (N.D.Cal. Aug. 23, 2005). While this Court has already held trial in the infringement phase of this matter, the final decision of the PTO on reexamination of the '954 patent presents a substantial likelihood of simplifying the issues. Indeed, if the PTO rejects or amends claims 1 and 2 of the '954 patent, proceedings may be greatly simplified. See 01 Communique Laboratory, Inc. v. Citrix Systems, Inc., No. 06-0253, 2008 WL 696888, at *2 (N.D. Ohio Mar. 12, 2008) ("Statistically speaking, there is a very small chance that all of the claims will survive reexamination without amendment."). Furthermore, the Court notes that certain determinations of the PTO based on the prior art with which it reexamines the '954 patent may potentially be instructive on the issue of inequitable conduct, or,

if Synthes is correct in its interpretation of the law,[2] on willfulness. (Def. Br. at 9-10; Pl. Opp. Br. at 17-19.) While those decisions would not necessarily simplify proceedings, this Court recognizes that the development of a more complete record before the PTO has the potential to do so. But see Ethicon, Inc., 849 F.2d at 1428 (dismissing argument that district court litigation would provide PTO with more complete record due to different evidence considered by each). Given the present posture of this case, therefore, this Court finds that the simplification of issues factor weighs in favor of granting the stay.

**C.     Effect of the Stay on the Trial Schedule and Discovery, and Benefits and Costs**

Defendant argues in favor of a stay based on the complexity of the remaining issues and the requirement of courts to do a careful, case-by-case analysis of whether a stay is needed in each instance. (Def. Br. at 11-13; Def. Reply Br. at 9.) Plaintiffs respond by citing cases denying stays pending reexamination when a trial is imminent. E.g., Alltech, Inc. v. Cenzone Tech, Inc., No. 06-153, 2007 WL 935516, at *4 (S.D.Cal. Mar. 21, 2007) (denying stay due to late stage of litigation); Pl. Opp. Br. at 11-13.

Plaintiffs cite to MercExchange, L.L.C. v. eBay, Inc., 500 F. Supp. 2d 556 (E.D.Va. July 27, 2007), as instructive on the issue of when a stay should issue based on a case's posture. While it is indeed a persuasive case, it is inapposite to the instant matter. MercExchange involved requests for a stay pending reexamination of two patents. 500 F. Supp. 2d at 559-60. One patent had reached a jury, and the other had not; but while the verdict on the first was on appeal, defendant filed for reexamination of both and requested a stay after non-final actions by

---

[2]This Court refuses to rule at this time on what evidence may be presented during the willfulness/damages phase of this matter.

the PTO invalidated most of the claims at issue. Id. When the district court took up the issue of whether or not to grant a stay pending reexamination, the appeal of the district court verdict on every phase of litigation on the first patent had been fully appealed and finalized. Id.

Here, this Court has only held a jury trial in the first phase of this case, resulting in a verdict for Plaintiff, but damages at this time remain unliquidated, and appellate options remain open for the parties. Additionally, issues remain on which discovery is still necessary, such as willfulness. (Def. Br. at 12.) The third factor, therefore, comes down in favor of a stay. Furthermore, a balancing of the benefits and the costs with respect to staying the action at this stage in the litigation, as opposed to going forward under the shadow of a pending reexamination, causes this Court to find that the factors as a whole weigh in favor of granting Defendant's motion for a stay pending reexamination. Xerox Corp., 69 F. Supp 2d at 406. This Court's stay pending reexamination will remain in place until the PTO has issued its final ruling on the '954 patent based on Synthes's request under 35 U.S.C. § 302, and will continue through any appeals taken therefrom.

D.  **Inequitable Conduct Proceedings Pursuant to the August 22, 2007, Scheduling Order**

The parties have submitted their papers as requested by this Court's August 22, 2007, Scheduling Order. Because reexamination of the '954 patent by the PTO has the potential to render some of the arguments in these papers obsolete or moot, this Court reserves on any issues briefed based on the August 22 Scheduling Order.

8

## CONCLUSION

For the forgoing reasons, this Court denies Defendant's motion for a stay of these proceedings pending reexamination.  An appropriate Order accompanies this Opinion.


DATED: March 26, 2008                                                       /s/ Jose L. Linares
                                                                            United States District Judge