**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRYKER TRAUMA S.A. and HOWMEDICA OSTEONICS CORP., <br><br> Plaintiffs, <br><br> v. <br><br> SYNTHES (USA), <br><br> Defendant. | Civil Action No.: 01-3879 (JLL) <br><br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiffs' motion for reconsideration of this Court's February 23, 2009 Order continuing the stay in this matter pending a second reexamination of the patent-in-suit before the United States Patent and Trademark Office [CM/ECF Docket Entry Nos. 300 and 301]. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons set forth below, Plaintiffs' motion for reconsideration is **denied.**

### BACKGROUND

As the Court writes only for the parties, a familiarity with the underlying factual and procedural history of this action will be assumed and will not be repeated here except where necessary to provide context for the pending motion for reconsideration. Suffice it to say that Plaintiffs claim that Defendant allegedly infringed upon claims 1 and 2 of the patent-in-suit – the '954 patent. In response, Defendant has asserted an affirmative defense that the '954 patent was invalid as obvious.

Following extensive pretrial motion practice by the parties, this matter was trifurcated for trial. First, an infringement trial was to be held before a jury, followed by a separate bench trial on inequitable conduct, and, finally, a jury trial on the issue of damages and willfulness. The infringement trial took place in October 2006. At the conclusion of trial, the jury returned the verdict in favor of Plaintiffs on the claims of infringement and the validity of the '954 patent. In particular, the jury found that: (1) Plaintiffs had successfully carried the burden of proof as to infringement with respect to claims 1 and 2 of the '954 patent, and (2) Defendant had failed to prove by clear and convincing evidence that any combination of the prior art presented by Defendant rendered any of the claims at issue invalid on the basis of obviousness.

On January 23, 2007, Defendant filed an ex parte application with the PTO for reexamination of the '954 patent. The PTO granted the request for reexamination in March 2007. In May 2007, Plaintiffs filed with the PTO selected materials they had deemed relevant to the reexamination of the patent-in-suit. Given the ex parte nature of the reexamination proceedings, Defendant was not permitted to submit its own materials to the PTO. However, Plaintiffs maintain that they afforded Defendant an opportunity to submit any materials it deemed to relevant to the reexamination. In September 2007, while the first reexamination proceedings were pending before the PTO, Defendant filed a motion to stay the instant matter. Defendant's motion to stay was granted by this Court in March 2008.

In May 2008, the PTO issued an Office Action preliminarily rejecting all of the claims subject to reexamination for various reasons. On July 23, 2008, Defendant provided Plaintiffs with a document detailing what Defendant categorized as misrepresentations and omissions made by Plaintiffs to the PTO in the course of the first reexamination proceedings. Defendant also attached

2

certain materials which had apparently not been considered by the PTO. On July 30, 2008, after prosecution on the merits of the first reexamination had closed, Plaintiffs filed a Petition to Consider Additional Materials with the PTO, attaching the document prepared by Defendant along with the annexed materials. The PTO dismissed Plaintiffs' Petition to Consider Additional Materials in September 2008, noting, in relevant part, that Plaintiffs had failed to "adequately explain why that information could not have been earlier cited to the Office." See CM/ECF Docket Entry No. 293, Ex. Q. Shortly thereafter, the PTO issued an Ex Parte Reexamination Certificate on September 17, 2008 confirming the patentability of the claims under reexamination.

Claiming that Plaintiffs had failed to provide the PTO with relevant evidence during the first reexamination proceedings, Defendant filed a second request for reexamination of the '954 patent in July 2008. Defendant then filed a motion to continue the stay in this matter pending the PTO's second reexamination of the patent-in-suit. Based on the same reasons set forth in the Court's March 28, 2008 Amended Opinion granting a stay of the matter pending the first reexamination of the patent-in-suit, Defendant's motion to continue the stay was granted by this Court by way of Order dated February 23, 2009. Currently before the Court is Plaintiff's motion seeking reconsideration of this Court's February 23, 2009 Order.

## LEGAL STANDARD

A motions for reconsideration is governed by Local Civil Rule 7.1(i), which directs, in relevant part, that such motion "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). "Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.' " See L. Civ. R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL

3104145, at *1 (D.N.J. Oct.18, 2005). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008). In addition, the motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Finally, mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law. See, e.g., United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J.1999).

## DISCUSSION

Plaintiffs seek reconsideration of this Court's discretionary[1] determination to continue the stay in this matter pending a second reexamination of the patent-in-suit, generally, on the basis that the Court overlooked certain factual matters which, if considered, might have resulted in a different conclusion. Having closely reviewed each of the matters allegedly overlooked by the Court, the Court finds that the crux of Plaintiffs' argument is not that the Court overlooked a dispositive factual matter that would have resulted in a different conclusion. To the contrary, Plaintiffs essentially take issue with the Court's characterization of the series of events leading up to the second request for reexamination of the patent-in-suit. For instance, Plaintiffs argue that: (1) the "Court appears to have overlooked that there was nothing 'belated' about Stryker's petition to consider additional materials," and (2) the "Court appears to have overlooked that the only thing 'belated' was Synthes' service of its submission on Stryker." While the Court appreciates Plaintiffs' disagreement with its

---

[1] The decision of whether or not to stay a patent case during reexamination is discretionary. See, e.g., Viskase Corp. v. American Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001); Patlex Corp. v. Mossinghoff, 758 F.2d 594, 597 (Fed. Cir. 1985).

4

characterization of the circumstances giving rise to the second reexamination proceedings, such does not provide a basis for reconsideration. <u>See, e.g.</u>, <u>Compaction Sys. Corp.</u>, 88 F. Supp. 2d at 345. Moreover, the Court's summary of the factors leading up to the second request for reexamination of the patent-in-suit was provided merely as background for the pending application. In granting Defendant's request to continue the stay of the matter pending the second reexamination of the patent-in-suit, the Court relied upon – and incorporated by reference – "the reasons previously set forth in its March 28, 2008 Amended Opinion" granting the original stay of the matter pending the first reexamination proceedings. <u>See</u> Feb. 23, 2009 Order at 2.[2] Such reasons include:

- "This Court finds that while delay and tactical advantage are concerns in this case, any delay engendered by a stay would by no means be so indefinite as to mandate denial of Defendant's motion." March 28, 2008 Am. Op. at 4.

- "While Synthes's course of action does result in an extra post-verdict means of attacking the result achieved before the jury, and a resultant tactical advantage, this Court finds that denial of a stay because one party timed legitimate procedural actions in such a manner as to best serve its own interests, at least in the current case, does not present the kind of inequitable action warranting a denial of the stay." March 28, 2008 Am. Op. at 5.

- "Finally, this Court finds that any lack of a specified time for the duration of a stay in this case is not dispositive of Defendant's motion." March 28, 2008 Am. Op. at 5.

- "Upon review of the relevant issues concerning delay, prejudice, and tactical advantage, therefore, this Court finds that any prejudice Stryker will suffer through delay or tactical advantage, while undeniably present, does not weigh

---

[2] In this regard, Plaintiffs make the flawed argument that because: (1) the Court misconstrued certain factual matters, and (2) such factual matters "represented the <u>only</u> reasons given by the Court for continuing the stay," there is no remaining basis for the Court's February 23, 2009 Order. (Pl. Br. at 11) (emphasis in original). Plaintiffs are mistaken. As indicated above, the Court's February 23, 2009 Order, while admittedly providing a general explanation of the circumstances giving rise to the second request for reexamination, provides – in <u>no</u> uncertain terms – that Defendant's motion to continue the stay is granted "based on the reasons set forth in the Court's March 28, 2009 Amended Opinion." <u>See</u> Feb. 23, 2009 Order at 3.

> heavily in the balancing of the stay factors." March 28, 2008 Am. Op. at 5-6.

- "While this Court has already held trial in the infringement phase of this matter, the final decision of the PTO on reexamination of the '954 patent presents a substantial likelihood of simplifying the issues. Indeed, if the PTO rejects or amends claims 1 and 2 of the '954 patent, proceedings may be greatly simplified." March 28, 2008 Am. Op. at 6.

- "Furthermore, the Court notes that certain determinations of the PTO based on the prior art with which it reexamines the '954 patent may potentially be instructive on the issue of inequitable conduct . . ." March 28, 2008 Am. Op. at 7.

- "Furthermore, a balancing of the benefits and the costs with respect to staying the action at this stage of the litigation, as opposed to going forward under the shadow of a pending reexamination, causes this Court to find that the factors as a whole weigh in favor of granting Defendant's motion for a stay pending reexamination." March 28, 2008 Am. Op. at 8.

Such reasons served – and continue to serve – as the basis for the Court's decision to stay this matter pending reexamination of the patent-in-suit. In fact, the Court notes that since its February 23, 2009 decision, the PTO, in its latest Office Action, found claims 1 and 2 of the '954 patent to be obvious. See CM/ECF Docket Entry No. 303. Although this latest Office Action is not final, the Court is now increasingly confident that it would be a significant waste of judicial effort to go forward with the inequitable conduct portion of the case given the possibility that the PTO may, in fact, render a final decision that the claims at issue in this case were obvious and nonpatentable.

Because Plaintiffs have failed to provide any matters of fact or controlling decisions of law which were presented to but overlooked by the Court in reaching its decision to continue the stay in this matter, Plaintiffs' motion for reconsideration is hereby **denied.** This matter shall continue to be stayed pending a final decision by the PTO as to the second reexamination of the patent-in-suit.

## CONCLUSION

Based on the reasons set forth above, Plaintiffs' motion for reconsideration of this Court's February 23, 2009 Order granting Defendant's motion to continue the stay in this matter pending a second reexamination of the patent-in-suit is **denied.** An appropriate Order accompanies this Opinion.

DATE: August 7, 2009

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE